IN THE SUPREME COURT OF THE STATE OF DELAWARE

GREGORY W. JOHNSON, §
§
Defendant Below, § No. 399, 2021
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1804008647 (N)
Appellee. §

Submitted: March 16, 2022
Decided: June 7, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Gregory Johnson, appeals the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

(2) On January 23, 2019, Johnson pled guilty to one count of possession of a firearm during the commission of a felony ("PFDCF"), one count of first-degree reckless endangering, one count of second-degree assault, and one count of third-degree assault. As part of the plea agreement, Johnson agreed that he was a habitual

offender and subject to sentencing under 11 *Del. C.* § 4214(d).  In exchange for his plea, the State agreed to *nolle prosse* the remaining fifteen charges in the indictment, declare Johnson a habitual offender only on the PFDCF offense, and cap its sentencing recommendation to 25 years of incarceration on the PFDCF conviction (the minimum-mandatory term under Section 4212(d)).  Following a presentence investigation, the Superior Court granted the State's motion to declare Johnson a habitual offender and sentenced Johnson, in accordance with the plea agreement, to a total of 25 years of unsuspended Level V incarceration, followed by decreasing levels of supervision.  Johnson did not appeal.

(3)    In July 2019, Johnson filed a motion for sentence modification.  The Superior Court denied the motion, noting that the unsuspended portion of Johnson's sentence was a minimum-mandatory term and could not be reduced or suspended. In October 2019, Johnson filed a motion for correction of illegal sentence.  The Superior Court denied the motion, observing that the plain language of Section 4214(d) required the court to impose a sentence of 25 years for Johnson's PFDCF conviction.

(4)    On October 26, 2020, more than a year after his conviction became final, Johnson, with the assistance of counsel, filed a motion for postconviction relief under Superior Court Criminal Rule 61.  Johnson alleged that trial counsel was ineffective for failing to retain a psychologist to attest to Johnson's psychiatric

2

disorder that "substantially disturbed his thinking, feeling, and behavior" and for failing to request a separate hearing on the State's motion to declare Johnson a habitual offender. Johnson claimed that, but-for counsel's failure to obtain a mental health expert, he would have pled guilty but mentally ill. In December 2020, the Superior Court noted that the motion was untimely but found that it would be beneficial to hear trial counsel's response to Johnson's allegations of ineffective assistance for the court's "miscarriage of justice" analysis under Rule 61(i)(5). Accordingly, the court directed trial counsel to conduct a review of Johnson's file and submit an affidavit responding to the ineffective-assistance-of-counsel claims. After expanding the record with the affidavit from trial counsel and briefing, the Superior Court granted Johnson's request to amend his motion for postconviction relief limited to his assertion that, but-for counsel's failure to obtain a mental health expert, he would have pled not guilty by reason of insanity. The Superior Court ultimately denied Johnson's motion for postconviction relief, and this appeal followed.

(5) On appeal, Johnson tweaks the arguments he made below and argues that trial counsel was ineffective for failing to (i) pursue a defense of not guilty by reason of insanity, (ii) retain an independent psychologist to aid counsel in presenting this defense, and (iii) adequately advise Johnson on the availability of the defense of insanity. Johnson's claims are unavailing.

3

(6) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The procedural bars of Rule 61 must be considered before any substantive claims are addressed.[2] Rule 61(i)(1) bars a motion for postconviction relief "filed more than one year after the judgment of conviction is final…."[3] This time limitation does not apply, however, to a claim that the court lacked jurisdiction or, if the movant was convicted after a trial, he pleads with particularity either (i) new evidence of actual innocence or (ii) a claim that a new, retroactively applicable rule of constitutional law applies to his case.[4]

(7) Johnson's motion was undeniably filed more than one year and three months after his conviction became final on July 22, 2019,[5] and his motion does not meet the pleading requirements to excuse the procedural default.[6] Accordingly, we affirm the Superior Court's denial of Johnson's motion for postconviction relief on the alternative basis that it was procedurally barred as untimely filed.[7]

---

[1] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[3] Del. Super. Crim. R. 61(i)(1).
[4] *Id.* at 61(i)(5).
[5] *See id.* at 61(m)(1) (in the event the defendant does not file a direct appeal, the judgment of conviction is final 30 days after the Superior Court imposes a sentence).
[6] A 2014 amendment to Rule 61 eliminated the "miscarriage of justice" exception to the procedural bars.
[7] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

(8) Even if Johnson's motion for postconviction relief had been timely filed, however, Johnson's claims of ineffective assistance of counsel fail on the merits. Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*.[8] In order to prevail on a claim of ineffective assistance of counsel after a defendant has entered a guilty plea, the defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness[9] and (ii) counsel's actions were so prejudicial "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[10] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[11]

(9) Johnson makes a conclusory argument that he "may have been suffering from severe mental illness during the commissions of the crimes" to which he pled guilty,[12] but there is no evidence in the record to suggest that he was. In his sworn affidavit filed in response to Johnson's motion for postconviction relief, trial counsel averred that he determined that there were no grounds for further scrutiny

---

[8] 466 U.S. 668 (1984).
[9] *Id.* at 687-88.
[10] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (internal quotation marks and citations omitted).
[11] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[12] Opening Br. at 7.

5

of Johnson's mental health after he (i) spent hours speaking with Johnson, (ii) discussed Johnson's mental health with Johnson's prior counsel, and (iii) reviewed Johnson's case with a psycho-forensic evaluator as Johnson requested. In our view, Johnson's claims do not overcome the strong presumption that counsel's performance was professionally reasonable.[13] And we note that Johnson did not present any information to the Superior Court in connection with these proceedings to support his claim that he suffers, or suffered, from any mental health issue that might have impaired his ability to make an informed decision to plead guilty. Simply put, there is no evidence to support Johnson's claim that trial counsel's assistance fell below an objective standard of reasonableness.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[13] For the first time on appeal, Johnson alleges that he "informed his counsel prior to pleading guilty that he wished to undergo a psychiatric examination so that he could present a Not Guilty by Reason of Insanity defense." *Id.* at 6-7. Absent plain error, which we do not find here, we will not consider arguments raised for the first time on appeal. Del. Supr. Ct. R. 8. "This general rule is particularly appropriate in the context of ineffective-assistance-of-counsel claims because trial counsel was not afforded the opportunity to respond to the claim in the first instance." *Palmer v. State*, 2022 WL 871024, at *2 n. 8 (Del. Mar. 23, 2022). This allegation also appears to contradict Johnson's claim that he was unaware of the insanity defense.